| | | |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | EASTERN DISTRICT OF CALIFORNIA | |

| | | |
|---|---|---|
| ELGAN BASTON, | | Case No. 1:16-cv-01564-LJO-EPG |
| | Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | | |
| EDWARD M. YETT, *et al.*, | | (ECF No. 18) |
| | Defendants. | OBJECTIONS, IF ANY, TO BE FILED WITHIN 14 DAYS |

## I. INTRODUCTION

Elgan Baston ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Now before the Court is Defendants Benjamin Arreguin, Kristofer R. Campbell, Eddie Ohaya, Michael A. Toscano, and Edward M. Yett's motion to dismiss Plaintiff's Complaint. (ECF No. 18.) Defendant D. Curry also filed a joinder in the motion to dismiss after he was served with process in this case. (ECF Nos. 26-27.)

For the following reasons, it is recommended that Defendants' motion to dismiss be denied.

## II. SUMMARRY OF ALLEGATIONS IN COMPLAINT[1]

Plaintiff alleges that Defendants failed to protect him from an attack while he was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.[2] Plaintiff was previously housed in segregated housing in the Substance Abuse Treatment Facility in California State Prison, Corcoran, ("SATF") because prison officials received confidential information that Plaintiff was going to be attacked for failing to pay an unpaid debt. Despite this knowledge, Defendant Curry transferred Plaintiff, a non-violent and non-gang-affiliated inmate, from SATF to CCI, an institution intended to house CDCR's most violent and disruptive

---

[1] The Court hereby incorporates by reference the summary of the allegations into these Findings and Recommendations. (ECF No. 7, pp. 2-6.)

[2] Both SATF and CCI are correctional facilities under the authority of the California Department of Corrections and Rehabilitation ("CDCR").

inmates.  Upon Plaintiff's arrival at CCI, it is alleged that Defendant Yett failed to properly classify Plaintiff's security level, which resulted in Plaintiff being placed among violent inmates.

On the day of the attack, December 30, 2015, it is alleged that Defendants Arreiguin, Ohaya, Campbell and Toscano were assigned to monitor the Building 4 rotunda area.  However, these Defendants' view of area from which the rotunda area was monitored, the glass floor of the control booth, was obstructed by blankets. Defendants Arreiguin, Ohaya, Campbell and Toscano had knowledge of the obstruction, but in contravention of CCI policy, took no action to remove it.

On the same day, Plaintiff and other inmates in Building 4 were released to the recreation yard.  While Plaintiff was in the recreation yard, a fight ensued between several other inmates, requiring the use of force to subdue the aggressors. After this incident, all inmates were recalled back into Building 4.  During the controlled recall, Defendants Campbell, Toscano, and Arreguin were aware that there were no staff present inside the Building 4 rotunda to provide direct and constant supervision, and were aware that Ohaya had placed blankets in the control booth, obstructing the supervision of the rotunda area.

As Plaintiff walked through the rotunda back to his assigned cell, he was attacked by two inmates, one or both of whom stabbed or sliced the left side of his neck.

### III.     FAILURE TO STATE A CLAIM AND SUPPLEMENTAL JURISDICTION

On April 26, 2017, Chief U.S. District Judge Lawrence O'Neill entered a screening order (the "screening order") pursuant to 28 U.S.C. § 1915A finding as follows:

1. Plaintiff stated a cognizable failure to protect claim under the Eighth Amendment of the U.S. Constitution;

2. Plaintiff stated a state law negligence claim to which he exhausted his administrative remedies; and

3. The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 over the state law negligence claim was appropriate.

(ECF No. 7.)

In their motion to dismiss, Defendants contend that this action should be dismissed

because:

1. Plaintiff fails to state sufficient facts to support his failure to protect claim under the Eighth Amendment;
2. Supplemental jurisdiction over Plaintiff's state law negligence claim should be declined;
3. Defendants are immune to Plaintiff's negligence claim under Government Code § 820.8; and
4. Defendants are entitled to qualified immunity.

(ECF No. 18.)

Judge O'Neill has already addressed the first two arguments in the screening order. (ECF No. 7.) A § 1915A screening order and an order resolving a Rule 12(b)(6) motion to dismiss utilize the same claim standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [citations]").

Defendants fail to reference, not to mention address, Judge O'Neill's screening order. Defendants do not point to any error in that decision. Instead, Defendants make arguments already considered and rejected in that order.

In any event, the undersigned judge reaches the same result as Judge O'Neill in the screening order after considering Defendants' motion to dismiss: Plaintiff has stated a claim for failure to protect and the exercise of supplemental jurisdiction over the negligence claim is appropriate. Accordingly, this Court recommends that the motion to dismiss be denied as to Defendants' first two arguments.

The only remaining arguments in the motion to dismiss are the third and fourth arguments concerning immunity, which the Court will now address.

**IV.      QUALIFIED IMMUNITY**

Defendants argue that they are entitled to qualified immunity because 1) they did not violate Plaintiff's constitutional rights, and 2) if they did, the right was not clearly established. "To determine whether an individual officer is entitled to qualified immunity, we ask (1) whether

3

the official violated a constitutional right and (2) whether the constitutional right was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *A.D. v. California Highway Patrol*, 712 F.3d 446, 453–54 (9th Cir. 2013)). At the motion to dismiss stage, the court treats the allegations in the complaint as true and dismissal on qualified immunity grounds is not appropriate unless the court can determine from the face of the complaint that qualified immunity applies. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

In the screening order, Judge O'Neill found that Plaintiff sufficiently alleged a constitutional violation -- a failure to protect claim -- as follows:

> As detailed above, Plaintiff has alleged that the failure to classify and house him properly and in accordance with CDCR policy by Curry and Yett resulted in him sustaining a serious injury after being attacked by two unknown inmates in the Building 4 rotunda area that should have been monitored by Ohaya, Arreguin, Toscano and Campbell. Plaintiff's allegations regarding his history of owing a debt and previously being placed in protective housing and Defendants' awareness of his history and housing needs are sufficient at this stage of proceedings and satisfy the requirements set forth above.

(ECF No. 7, p. 9.) Thus, the Court will turn its analysis to the second prong of the qualified immunity inquiry; whether the constitutional right was clearly established.

With regard to the second prong of the qualified immunity analysis, the Supreme Court of the United States has stated:

> A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. ——, ——, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).
>
> "We have repeatedly told courts ... not to define clearly established law at a high level of generality." *al–Kidd, supra*, at 742, 131 S.Ct. 2074. The dispositive question is "whether the violative nature of particular conduct is clearly established." *Ibid*. (emphasis added). This inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' "

*Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

*Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015).

In discussing the application of qualified immunity to a failure to protect claim in *Castro v. City of Los Angeles*, the U.S. Court of Appeals for the Ninth Circuit stated the following:

> First, a right is clearly established when the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The "contours" of Castro's right were his right to be free from violence at the hands of other inmates. *Farmer*, 511 U.S. at 833, 114 S.Ct. 1970. The Supreme Court need not catalogue every way in which one inmate can harm another for us to conclude that a reasonable official would understand that his actions violated Castro's right. Nor do the official's actions, in this context, require some affirmative act. As we held months before Castro's arrest, "direct causation by affirmative action is not necessary: 'a prison official may be held liable under the Eighth Amendment if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (ellipsis omitted) (quoting *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970). The contours of the right required only that the individual defendants take reasonable measures to mitigate the substantial risk to Castro. Accordingly, we reject the individual defendants' argument that the law on which Castro bases his claim was not clearly established at the time of the incident. Therefore, qualified immunity does not bar the claim against them.

833 F.3d 1060, 1067 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017).

Here, construing all facts in favor of Plaintiff, a reasonable official in Defendant Curry and Yett's position would have understood that the failure to classify and house Plaintiff properly and in accordance with CDCR policy would create an excessive risk to Plaintiff's safety. Likewise, a reasonable official in Defendants Ohaya, Arreguin, Toscano and Campbell's position would have understood that creating excessive risk to inmate safety by failing to properly monitor the rotunda area where Plaintiff was attacked would create a substantial risk to the safety of the inmates, including Plaintiff. As provided in *Castro*, "[t]he contours of the right

5

required only that the individual defendants take reasonable measures to mitigate the substantial risk…" *Castro*, 833 F.3d at 1067.

The Court must treat the allegations in the Complaint as true at this stage of the case. *See Groten*, 251 F.3d at 851. Clearly, material issues of fact remain to be determined. At a later stage of the case, those facts might very well show that Defendants acted reasonably.

## V.     IMMUNITY UNDER CALIFORNIA GOVERNMENT CODE § 820.8

Defendants claim that they are entitled to immunity under California Government Code § 820.8 because Plaintiff has not alleged any facts that show the acts or omissions of any of the Defendants caused his injuries. The statute relied upon by Defendants provides as follows:

> Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

Cal. Gov't Code § 820.8.

"To establish liability in negligence, it is a fundamental principle of tort law that there must be a legal duty owed to the person injured and a breach of that duty which is the proximate cause of the resulting injury." *Ileto v. Glock Inc*., 349 F.3d 1191, 1206 (9th Cir. 2003) (quoting *Jacoves v. United Merchandising Corp*., 9 Cal.App.4th 88, 11 Cal.Rptr.2d 468, 484 (1992)). California law recognizes a special relationship between jailer and prisoner giving rise to such a duty of care. *See Giraldo v. California Dep't of Corr. & Rehab*., 168 Cal. App. 4th 231, 250, 85 Cal. Rptr. 3d 371, 386 (Cal.App., 1st Dist. 2008) (providing that it is "manifestly foreseeable that an inmate may be at risk of harm" so as to give rise to the special relationship as prisoners are vulnerable and dependent upon the jailer for protection). "Proximate cause 'limits the defendant's liability to those foreseeable consequences that the defendant's negligence was a substantial factor in producing.'" *Ileto*, 349 F.3d at 1206 (quoting *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 78 Cal.Rptr.2d 525, 530 (1998)). "Whether an act is the proximate cause of injury is generally a question of fact; it 'is a question of law where the facts are uncontroverted and only one deduction or inference may reasonably be drawn from those facts.'" *Id*. (quoting *Garman v. Magic Chef, Inc*., 117 Cal.App.3d 634, 173 Cal.Rptr. 20, 22

(1981)).

The immunity statute relied upon Defendants, Cal. Gov't Code § 820.8, provides that "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Under a plain reading of this text, the application of § 820.8 immunity would be not be permitted at the motion to dismiss stage where a plaintiff properly alleges a negligence claim because negligence includes the element of proximate causation.

In the screening order, the Court summarized the negligence allegations as follows:

> Plaintiff has alleged negligence, under California state law, against all Defendants. Compl. at 12. Specifically, Plaintiff alleges that: Yett owed him a duty to properly classify and house him, and was negligent when he failed to remove Plaintiff from an improper facility; that Campbell, Toscano, and Arreguin owed him a duty to maintain direct and constant supervision of inmates known to be violent, failed to perform this duty, and directly and proximately caused him to be attacked; that Ohaya owed Plaintiff a duty to supervise the control booth, and that he failed in this duty when he placed blankets in a manner that improperly obstructed the view of the rotunda area from the control booth; and that Curry owed Plaintiff a duty to ensure he was properly housed in an institution appropriate with his placement score and case factors, and that Curry failed in this duty when he/she caused Plaintiff to be transferred to a facility designed for CDCR's most violent inmates. *Id*. at 12-13. Plaintiff alleges that each Defendant's breach of their respective duties directly and proximately caused him to suffer the attack and sustain general damages. *Id*.

(ECF No. 7, p. 10.) Thus, the Court found in the screening order that Plaintiff had properly alleged that each Defendant had proximately caused his injuries. Accordingly, the Court cannot conclude at the motion to dismiss stage that Defendants are entitled to immunity under Cal. Gov't Code § 820.8.[3]

### VI. CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (ECF No. 18) be denied.

---

[3] However, like the qualified immunity discussion above, this conclusion does not prevent Defendants from raising the argument again at a later stage of this litigation.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 4, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

8