| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ELGAN BASTON,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD M. YETT, *et al*.,<br><br>    Defendants. | Case No. 1:16-cv-01564-LJO-EPG<br><br>ORDER RESERVING RULING ON AND DIRECTING RESPONSE TO PLAINTIFF'S MOTION TO BAR TRANSFER<br><br>ORDER GRANTING MOTION REQUESTING COURTS WAIVE REQUIREMENT TO SERVE SEPARATE COPY OF COURT FILINGS UPON DEFENDANTS<br><br>(ECF Nos. 32, 33)<br><br>RESPONSE TO BE FILED WITHIN 14 DAYS |

**A. Motion to Bar Transfer**

Elgan Baston ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants failed to protect him from an attack while he was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.[1]

Plaintiff has filed a motion requesting the Court to bar his transfer from Jamestown State Prison to CCI. (ECF No. 32.) Plaintiff has indicated fears "reprisal/revenge" from the Defendants in this case, who are still officers employed at CCI, and another assault similar to the incident upon which his Complaint in this case is based.

The Court construes the motion as a request for injunctive relief[2] and directs Defendants to file a response to the motion within 14 days. Upon consideration of the response, the undersigned will issue Findings and Recommendations to the assigned District Judge.

\\\

---

[1] Both Jamestown and CCI are correctional facilities under the authority of the California Department of Corrections and Rehabilitation ("CDCR").

[2] *See Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (providing that preliminary injunction will issue when the movant establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

1

**B. Motion Requesting Waiver from Service Requirement**

Plaintiff has filed a motion requesting relief from the requirement that he also serve a copy his Court filings upon opposing counsel. The federal rules require parties to serve upon opposing counsel any "pleading filed after the original complaint" and "written motion... notice... or any similar paper." Fed. R. Civ. P. 5(a); CAED-LR 135. This service requirement is in addition to the requirement that the document be filed with the court.

Plaintiff's motion indicates that he is housed in administrative segregation and has no access to a copy machine.

The Court concludes that a hardship exists and will grant the requested relief. The Court finds that prejudice to Defendants is minimal due to the fact that their counsel is registered with the Court CM\ECF electronic filing system and will receive a copy of all documents filed by the Plaintiff through this system.

However, Plaintiff should be aware that if he is served with discovery including a request for production of document, requests for admission, or interrogatories, he must produce responsive documents to the Defendants. Such discovery-related documents are generally not filed with the Court unless they are being used as an exhibit in support of or in opposition to a pending motion.

IT IS SO ORDERED.

Dated: __**December 13, 2017**__          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE