| | |
|---|---|
| ELGAN BASTON,<br><br>               Plaintiff,<br><br>    v.<br><br>EDWARD M. YETT, *et al*.,<br><br>               Defendants. | Case No. 1:16-cv-01564-LJO-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO BAR TRANSFER BE DENIED<br><br>(ECF No. 32)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I.  BACKGROUND

Elgan Baston ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants failed to protect him from an attack while he was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.[1]  Plaintiff has been transferred from CCI to Sierra Conservation Center ("SCC"), which is located in Jamestown, California.  Plaintiff is currently in Administrative Segregation ("Ad-Seg") at SCC awaiting surgery at an outside facility.

Plaintiff has filed a motion requesting the Court to bar his transfer from SCC to CCI. (ECF No. 32.)  Plaintiff has indicated that he fears "reprisal/revenge" from the Defendants in this case, who are still officers employed at CCI, and another assault similar to the incident upon which his Complaint in this case is based.  On December 13, 2017, the Court entered an Order

---

[1] Both SCC and CCI are correctional facilities under the authority of the California Department of Corrections and Rehabilitation ("CDCR").

1

construing Plaintiff's motion as a request for injunctive relief and directing Defendants to file a response to the motion within 14 days. (ECF No. 34.)

On December 27, 2017, Defendants filed a response. (ECF No. 37.) In opposition to Plaintiff's motion, Defendants submitted the declaration of T. Brown, Correctional Counselor I at SCC. (ECF No. 37-1.) T. Brown attests that SCC has received "multiple Form 22's (Inmate Request for Interview) from Plaintiff asking whether he was being transferred" and states "I have responded to and informed Plaintiff that he currently has a medical hold and would not be transferred to another institution and would remain at SCC's Ad-Seg Unit as he requested." (*Id.* ¶¶ 4-5.) T. Brown further states that an Institutional Classification Committee ("ICC") hearing was held on November 22, 2017 regarding Plaintiff's housing status. (*Id.* ¶ 7.) T. Brown indicates that Plaintiff's current status is that he is on medical hold until February 28, 2018, due to a pending surgery at UCSF. (*Id.*)

On January 8, 2018, Plaintiff filed a reply in support of his motion. (ECF No. 39.) Plaintiff argues that there is still a "real possibility that plaintiff could end up being sent back to a facility where Plaintiff not only has an active lawsuit against six of its members, but also inmate who tried to kill Plaintiff (and were never caught) could still be at that facility." (*Id.* at 2.)

**II.     DISCUSSION**

**A. Preliminary Requirements for Issuance of Injunctive Relief**

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have an actual case or controversy before it. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc*., 454 U.S. 464, 471(1982). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc*., 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Thus, a plaintiff who has standing to seek damages for a past injury does not necessarily have standing to seek prospective relief. *Id*. (citing *Friends of the Earth*, 528 U.S. at 185–86, 120 S.Ct. 693; *Lyons*, 461 U.S. at 111, 103 S.Ct. 1660).

The U.S. Court of Appeals for the Ninth Circuit in *Mayfield* summarized Article III standing requirements as follows:

> To bring suit in federal court, a plaintiff must establish three constitutional elements of standing. First, the plaintiff must have suffered an "injury in fact," the violation of a protected interest that is (a) "concrete and particularized," and (b) "actual or imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Second, the plaintiff must establish a causal connection between the injury and the defendant's conduct. *Id*. Third, the plaintiff must show a likelihood that the injury will be "redressed by a favorable decision." *Id*. (quoting *Simon v. E. Kentucky Welfare Rights Org*., 426 U.S. 26, 43, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)).
>
> …
> To establish Article III standing, a plaintiff must show *inter-alia* that he faces imminent injury on account of the defendant's conduct. *Defenders of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130. Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. *Id*. at 564, 112 S.Ct. 2130. Nor does speculation or "subjective apprehension" about future harm support standing. *Friends of the Earth*, 528 U.S. at 184, 120 S.Ct. 693; *see also Defenders of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130. Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a "real or immediate threat ... that he will again be wronged in a similar way." *Lyons*, 461 U.S. at 111, 103 S.Ct. 1660 (1983).

*Id*. at 969-70.

Furthermore, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv*., 753 F.2d 719, 727 (9th Cir.1985). The pendency of an action related to conduct by specific prison officials however, does in itself not give the Court jurisdiction over prison officials in general. *Id*.; *see also Summers*, 555 U.S. at 491–93; *Mayfield*, 599 F.3d at 969. Thus, the Court's jurisdiction is limited to the parties in pending action and to the viable legal claims upon which this action is proceeding. *Id*.

**B. Legal Standard for Injunctive Relief**

With respect to preliminary injunctive relief regarding prison conditions, federal statutory law provides that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means

3

necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, the Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief …" *Id*.

Injunctive relief, whether temporary or permanent, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 22, (2008) (citation omitted). "A plaintiff seeking a[n] . . . injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

**C. Application to Plaintiff's Motion**

As summarized above, Plaintiff requests an Order preventing his transfer back to CCI, where the facts giving rise to his claims in this case arose. Plaintiff fears retaliation for filing a lawsuit from the six CCI Defendants in this case and an attack similar to the one described in the Complaint.

Plaintiff has not met the preliminary requirements for the issuance of injunctive relief. Plaintiff cannot demonstrate Article III standing for his injunctive relief request because he has not shown that he is facing a "real or immediate threat ... that he will again be wronged in a similar way." *See Mayfield*, 599 F.3d at 969 (citing cases supporting the principle that speculation or "subjective apprehension" about future harm does not support standing). Here, Defendants have submitted evidence that Plaintiff is currently on "medical hold and would not be transferred to another institution and would remain at SCC's Ad-Seg Unit as he requested [until February 28, 2018, due to a pending surgery at UCSF]." (ECF No. 37-1 ¶¶ 4-5, 7.) Thus, there is no indication at the present time that Plaintiff will in fact be transferred to CCI.

Based on the parties' filings, and the prison's representations, Plaintiff has not shown an imminent threat. *See id.*(providing that "[p]ast exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects"); *see also, e.g., Knows His Gun v. Montana*, 866 F. Supp. 2d 1235, 1242 (D.

Mont. 2012) (denying injunctive relief preventing prison transfer to institution where previous incident occurred where plaintiffs failed to show a "real and immediate threat," "a demonstrated probability," or a "very significant possibility" that they will be transferred back to the institution and again subjected to the acts giving rise to the case).

Additionally, the Court does not have personal jurisdiction over the prison officials that would be enjoined by the injunction -- it is undisputed that the only Defendants in the case are prison officials at CCI.[2]

Even if Plaintiff had met the preliminary requirements for the issuance of injunctive relief, the Court would have limited authority to dictate prison transfers because such an order must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Absent extraordinary circumstances, it would be difficult for the Court to fashion injunctive relief meeting these requirements.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's motion to bar transfer (ECF No. 32) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections.

\\\
\\\
\\\

---

[2] It is at least questionable whether the court has authority to issue an injunction binding the CDCR in this case. *See* Fed. R. Civ. P. 65; *see also Walker v. Varela*, No. CV 10-2441-JFW SP, 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013) (denying a motion for injunctive relief for want of jurisdiction where the CDCR was not a party and a plaintiff requested an injunction directing the CDCR to move plaintiff to another prison with his property and citing *Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985)).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 18, 2018**__      /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE